## BALDEREE v. STATE TAX COMMISSION

Jesse R. Calvert, Jr., Grants Pass, argued the cause for plaintiff. Jesse R. Calvert, Jr., Grants Pass, and Balderree & Calvert, Grants Pass, filed a brief for plaintiff.

John C. Mull, Assistant Attorney General, Salem, argued the cause for defendant and submitted a brief.

Decision for defendant rendered April 28, 1965.

EDWARD H. HOWELL, Judge.

This case is representative of thirteen cases which were consolidated for trial and constitute appeals from supervisory orders of the defendant State Tax Commission. All involve property owners in Curry County.

In addition to the legal issues common to all the cases, property valuations are involved in five of the cases. The property is all beach frontage along the ocean.

In the fall of 1962, the Curry County Assessor started a study of the valuation of ocean frontage property in the county. He was unable to complete the study by the time the board of equalization met in May, 1963. Consequently, he turned over the rolls using the old values from the previous tax year. It was anticipated that the assessor would give the new values to the board after the May session began. The board and the assessor agreed that the valuations should be raised; entered an order to that effect, and set a date for a hearing. At the time set, many taxpayers appeared and protested the increase. The board rescinded the order and referred the whole matter back to the assessor for further study and report at the November meeting. The assessor requested the tax commission to exercise its supervisory powers and the commission agreed to do so.

The commission held hearings and on December 27, 1963, issued 150 orders increasing the assessment on the properties. In the meantime, the tax statements based on the old values had been mailed out and many of the taxpayers paid their tax. In January, additional tax statements were sent to all the property owners affected and these statements included interest on the tax assessed. This action resulted in appeals by the taxpayers to this court.

These appeals challenge the supervisory powers of the commission to raise the assessments in the manner related. The plaintiffs argue that the assessor was bound to follow the provisions of ORS 306.515, which allows the county assessor to appeal an order of the board of equalization to the State Tax Com-

mission. The tax commission then grants a hearing on the appeal (ORS 306.530) and the assessor is allowed to appeal an adverse decision to the Tax Court. (ORS 306.545).

In requesting the tax commission to intervene after the board of equalization rescinded its order raising the valuations, the assessor was asking the tax commission to exercise the supervisory powers granted to it by ORS 305.090[1] and ORS 306.111.[2] The latter statute gives the tax commission extended authority "to do any act or give any order" to a board of equalization or county assessor pertaining to the value of property that is necessary to the end that all property is assessed according to law and equalized between taxpayers.

In the event the tax commission intervenes under its supervisory power, the taxpayer has the right to appeal any adverse decision to the Oregon Tax Court. ORS 306.547.[3]

[1] "ORS 305.090. Supervisory power of commission. The State Tax Commission shall exercise general supervision of the system of taxation throughout the state, and general supervision and control over the administration of the assessment and tax laws and over county assessors and county boards of equalization in the performance of their duties relating to taxation to the end that all taxable property is assessed uniformly according to law and equality of taxation according to law is secured."

[2] "ORS 306.111. General power as to assessment and valuation of property. The State Tax Commission may do any act or give any order to any county board of equalization or county assessor as to the valuation of any property or class of property which the commission deems necessary so that all taxable property is assessed according to law and equalized between taxpayers, between counties and between taxing units to the end that equality of taxation according to law shall be secured."

[3] "ORS 306.547. Appeal to tax court from ORS 305.090 or 306.111 orders. Any taxpayer whose property is affected by an order of the State Tax Commission made to a county assessor, county board of equalization or county sheriff under the authority contained in ORS 305.090 or 306.111, may, within 60 days

■ The plaintiff concedes that the State Tax Commission has general supervisory powers over taxable property but argues that if the commission is allowed to follow the procedure adopted in this case it would have the effect of repealing ORS 306.515, supra, which allows the assessor to appeal an adverse ruling of the board of equalization to the tax commission.

This court concludes that the determination of true cash value in this case could, in the final analysis, be determined by either method. If the assessor (or taxpayer) is aggrieved by an order of the board of equalization, he may appeal to the State Tax Commission under the provisions of ORS 306.515. Eventually, the assessor (or the taxpayer) may appeal from the tax commission to this court. ORS 306.545.

Under ORS 305.090 and particularly ORS 306.111, the tax commission is given broad supervisory powers to do any act necessary to insure that property is assessed according to law and to insure that it is equalized between taxpayers. If the taxpayer is not satisfied with the valuation placed on the property by the State Tax Commission in exercising its supervisory power, he has the right to appeal to this court by virtue of ORS 306.547. In either case, the ultimate issue—the true cash value of the property—is deter-

---

after a copy of the order or notice of the order has been served upon him by mail as provided in ORS 306.805 or within six months after notice of the order has been given to him under subsection (2) of ORS 306.805, appeal directly to the Oregon Tax Court. The commission shall also serve a copy of such order by registered or certified mail upon the county assessor, county board of equalization or county sheriff to whom any such order is directed, and such county assessor, county board of equalization or county sheriff may appeal to the Oregon Tax Court within 60 days after receipt of such order. The appeal shall be perfected in the manner provided in ORS 306.537 and 306.545."

mined by a *de novo* trial in the Tax Court. ORS 305.425.

The plaintiff argues that the procedure followed in this case constitutes a collateral attack on the assessment roll by the assessor and that a presumption of correctness attaching to the original assessment roll has not been overcome. This is not an attack on the assessment roll by the assessor; it is a direct exercise of the statutory power of the commission over taxable property. The plaintiff can hardly argue in favor of a presumption of correctness for the original assessment roll when the assessor himself testified that these values were too low.

■■ Plaintiff also contends that raising the valuations of the properties involved constituted a changing of valuations of property of the same class and that this could not be done after July 31, 1963. ORS 311.205 prohibits a change or correction of the assessment roll when such change applies to *all* real property of the same class or area and where such change is made after July 31 of the year in question. (Emphasis supplied.) Plaintiff's brief concedes that not all of the ocean frontage in Curry County was involved and that some property in the northern part of the county, in the Nesika Beach area and Brookings, was not involved. It would appear, assuming that beach property is the same general class, that substantial other beach property is not involved.

Plaintiff's final argument appears to be that the property was valued too high and thereby violates the uniformity of assessment requirement. Article I, § 32, of the Oregon Constitution provides that all taxation shall be uniform on the same class of subjects. This court does not find that plaintiff's property was valued in excess of its true cash value. Plaintiff owns a large,

level lot fronting on the ocean. The supervisory order of the commission fixed its true cash value at $6,400. Plaintiff testified the lot was purchased in January, 1962, for $10,250. Obviously this evidence alone would justify the valuation determined by the tax commission.

At the risk of unduly extending this opinion, it is obvious that these cases arose out of dissatisfaction with the tax commission exercising its supervisory power in the manner related. This is clearly understandable from plaintiff's position under the circumstances of the case. However, the statutes ORS 305.090 and 306.111, supra, are patently broad and general and unquestionably give the tax commission the authority to act in the manner related. The ultimate goal in the case—the same as in other cases—is the right to a day in court on the merits of the controversy. In this case that means a decision on the true cash value of this property.

The order of the tax commission is affirmed.