Argued June 9, affirmed July 15, 1965

# PORTLAND CANNING COMPANY *v.* STATE TAX COMMISSION

404 P. 2d 236

*A. W. Pedersen,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

*DeMar Batchelor,* Hillsboro, argued the cause for respondent. On the brief were Carrell F. Bradley and Bush & Bradley, Hillsboro.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff, Portland Canning Company, hereinafter referred to as the taxpayer, owns and operates two food canning plants in Washington County. The defendant, State Tax Commission, assumed the responsibility, pursuant to ORS 306.125, of evaluating the plants for tax purposes for the tax year 1962-1963. Using the values as determined by the commission, the Washington County Assessor assessed the plants. The taxpayer petitioned the Board of Equalization of Washington County for a reduction of these values. After a hearing in which the commission participated, the Board of Equalization reduced the values placed upon the equipment in the plants but not on the land

and buildings. Neither the taxpayer nor the Washington County Assessor appealed the board's decision. The commission then, without a hearing in which the taxpayer had an opportunity to participate, rendered a supervisory order under ORS 306.111 directing the assessor to reinstate the values on the assessment rolls as originally determined by the commission.

The taxpayer appealed the supervisory order to the Tax Court. The Tax Court set the commission's order aside and reinstated the values as determined by the Board of Equalization. The commission has appealed.

█ The taxpayer contends it was denied due process of law by the commission's action in reversing the Board of Equalization without providing a hearing in which the taxpayer could participate. The Tax Court found against the taxpayer on this issue because it was afforded a trial de novo in the Tax Court which satisfied the due process requirement. *Mallatt v. Luihn*, 206 Or 678, 692, 294 P2d 871 (1956). With this ruling this court agrees.

The parties have disagreed as to which valuation the presumption of validity attends upon trial. This dispute becomes irrelevant because of the manner in which we dispose of the principal contentions of the parties.

The principal issue is the manner of the evaluation of the canning machinery and equipment in the taxpayer's plants. In evaluating it the commission used the cost approach to determine the value to the owner. This is done by taking replacement cost new at present cost and subtracting depreciation because of age and obsolescence. The taxpayer contends that under the statutes and the commission's regulations the market data approach must be used in which value is based

on the sales price of comparable properties which have been sold recently.

ORS 308.232 states in part as follows:

"(1) Except as provided in subsections (2) and (3) of this section, beginning with the assessment date January 1, 1961, all real or personal property within each county shall be assessed at 25 percent of its true cash value."

ORS 308.205 is as follows:

"True cash value of all property, real and personal, means market value as of the assessment date. True cash value in all cases shall be determined by methods and procedures in accordance with rules and regulations promulgated by the State Tax Commission. With respect to property which has no immediate market value, its true cash value shall be the amount of money that would justly compensate the owner for loss of the property."

The rules and regulations promulgated by the commission, Article 8205.1, in force at the time, were as follows:

"Market value, as a concept, assumes that there are buyers and sellers for all properties. Actually, as related to a particular class of property, a market may or may not exist.

"1. Market value as a basis for true cash value shall be taken to mean the amount of money or money's worth for which property may be exchanged within a reasonable period of time under conditions in which both parties to the exchange are able, willing and reasonably well informed.

"2. When sales of similar property are infrequent or lacking, the market value shall be construed as the value of that property to the owner and shall be further defined as that amount of

money that would justly compensate the owner for loss thereof.

"B. Methods:

"For ad valorem tax purposes, the appraiser is concerned with estimating the market value of a given property. Various techniques have been developed which, if properly used, should approximate market value when a market actually exists. When a market is non-existent, these techniques, if properly used, will approximate the value to the owner. These techniques are:

The Cost Approach, or Summation Method

The Income Approach, or Income Capitalization Method

The Market Data Approach, or Comparative Method

"Any one of these techniques, or all of them, or variations may be used to assist the appraiser in arriving at his estimation of market value."

 Clearly the dominant note of the legislation is that, if possible, value is to be ascertained in accordance with market value. While the commission has been given power to make regulations setting forth procedures as to how this may be done, it cannot vary the mandate of the law under this guise. If a market existed for the kind of property being assessed, the property had to be evaluated by the market data approach. The commission has no power to permit the evaluation of the property by the exclusive means of the cost approach to determine the value to the owner when a market in fact exists.

 It is our opinion, after a perusal of the transcript, that there was a market for the majority of the canning equipment which was appraised. The Tax Court was correct in so deciding and, in addition, finding that the commission had used the wrong method in

evaluating the property. Admittedly, it was a highly specialized market with which only a limited number of persons, who dealt in the business on a daily basis, were familiar. However, such market did exist and the burden is placed by statute upon the commission and the assessor to use market values if they exist. The commission objects that no price lists were published of which it could avail itself and that the market value of the used article depends upon its condition and this would necessitate its appraisers going about the country familiarizing themselves with the value and condition of various used canning equipment so it could be compared with that of the taxpayer. There are people in the trade who already have a knowledge of the market value of used canning equipment depending upon its condition. The taxpayer offered the evidence of two of them at trial. The commission must either educate its appraisers in the market or employ someone who is already familiar with it. It cannot for convenience or economy avoid its statutory duty.

The taxpayer put on evidence of market value which was accepted by the Tax Court who found that the taxpayer had carried the burden of proof and that the property's value was in conformance with that set by the Board of Equalization. With this we agree, and the judgment of the Tax Court is affirmed.