## COOS HEAD TIMBER COMPANY *v.*
## STATE TAX COMMISSION

Joseph McKeown, Coos Bay, represented plaintiff.

Theodore W. de Looze, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered December 15, 1967.

EDWARD H. HOWELL, Judge.

This suit involves the valuation of the Bunker Hill sawmill and certain related facilities owned by plaintiff in Coos Bay, Oregon, for the tax year 1965-66.

A detailed statement of the history and description of the mill would not be of general interest. The valuation of the mill, with some additional property, was before the Tax Court for the tax years 1959, 1960 and 1961.

Briefly, the mill was constructed in 1908 and was designed to handle unusually large logs. Its mainte-

nance requirements were substantial because of its age and construction.

The mill, which was previously owned by Georgia-Pacific, was sold to plaintiff in December, 1963, for $500,000. According to the testimony the mill was being operated at a loss prior to its sale and had been offered for sale by Georgia-Pacific at various times before the sale was consummated with the plaintiff. The sale to plaintiff did not include the land in the millsite and the value of the land is not involved in this case. However, the parties entered into a lease arrangement with reciprocal rights and obligations regarding the use of the land.

For the previous tax year, 1964-65, the industrial appraiser for the tax commission valued the property at $876,010. The Coos County Board of Equalization reduced the value to $500,000, the purchase price of the property. The assessor did not appeal, nor did the tax commission exercise its supervisory power to increase the valuation. For the tax year involved here, 1965-66, the assessor raised the valuation to $893,230 and the board of equalization again reduced the value to $494,120, based upon the purchase price of $500,000. The assessor appealed to the tax commission which reinstated the value at $893,230.

In the appraisal completed in 1964 (dated December 10, 1963) the commission's industrial appraiser recited that he did not consider the sale to plaintiff because he was not able to secure all the desired information concerning the sale. He testified at the hearing before the commission and in the trial in this court that he did not consider the sale to plaintiff because the sales agreement and the lease between plaintiff and Georgia-Pacific contained too many rami-

fications. He stated that he preferred, and his appraisal was based upon, the replacement cost less depreciation approach.

■ In *Portland Canning Co. v. Tax Com.*, 241 Or 109, 404 P2d 236 (1965), the Oregon Supreme Court had the following to say concerning the use of replacement cost less depreciation approach as compared to market data in deciding the true cash value of property:

> "Clearly the dominant note of the legislation is that, if possible, value is to be ascertained in accordance with market value. While the commission has been given power to make regulations setting forth procedures as to how this may be done, it cannot vary the mandate of the law under this guise. If a market existed for the kind of property being assessed, the property had to be evaluated by the market data approach. The commission has no power to permit the evaluation of the property by the exclusive means of the cost approach to determine the value to the owner when a market in fact exists." 241 Or at 113

Moreover, the tax commission in many valuation cases has maintained that an arm's length transaction between a willing buyer and a willing seller is highly persuasive in determining the true cash value of the property involved.

Here the property had been operated at a loss both before and after the sale to plaintiff. The property had been unsuccessfully offered for sale to others at various times. The plant itself was old and required excessive maintenance. It is difficult to believe that Georgia-Pacific would sell the mill and the related facilities for $500,000 if the plant was worth approximately $875,000 to plaintiff.

It is true that the sales agreement and the lease between Georgia-Pacific and plaintiff contained various obligations on both parties, including the furnishing of hog fuel, water, electricity, docking facilities, etc. This is not unusual, however, when Georgia-Pacific retained the land and where part of the facilities for practical purposes had to be operated in conjunction with each other.

■ This court finds that the sale to plaintiff in December, 1963, was an arm's length bona fide transaction and is a better indication of the true cash value of the property involved than the use of the replacement cost less depreciation approach. Consequently, the valuation of the subject property as of January 1, 1965, is set at $494,120, the same amount as found by the Coos County Board of Equalization.