SPRINGFIELD LUMBER MILLS, INC. *v.*
STATE TAX COMMISSION

Robert E. Moulton, Eugene, represented plaintiff.

Gerald F. Bartz, Assistant Attorney General, Salem, represented defendant.

Decision for plaintiff rendered December 15, 1967.

EDWARD H. HOWELL, Judge.

The sole issue in this case is the true cash value of a sawmill and related facilities owned by plaintiff in Springfield, Oregon, for the tax year 1966-67. The industrial appraiser for Lane County, using the replacement cost less depreciation approach, valued the property at $525,550 and apportioned $112,920 to the

land and $412,630 to the improvement. The land included in the millsite was considered in the appraisal but the value of the land is not involved here.

The plaintiff contends that the true cash value of the property, including the land, is $260,000.

The specific issue between the parties is whether the true cash value of the property should be determined by using the replacement cost less depreciation approach to value or whether the sale of the property to plaintiff in 1964 for $300,000 should be the primary factor in determining its value. (The sale price of $300,000 included $43,000 worth of personal property which is not involved in this case.)

■ In general the true cash value of property for ad valorem tax purposes should be determined by using the market data approach instead of replacement cost if a market existed and if the sale represented an arm's length transaction between a willing buyer and a willing seller. *Portland Canning Co. v. Tax Com.,* 241 Or 109, 404 P2d 236 (1965).

In this case the original owner of the property, Portland Manufacturing Company, had offered the mill for sale in 1962 and 1963 without success to at least five different companies in the area. Apparently the distance of the log haul and the competitive log market dissuaded many of the purchasers contacted.

■ After attempting to sell the subject mill on the open market for approximately $275,000 (the book value of the property) it was offered to Duane Autzen who owned thirteen percent of the stock in Portland Manufacturing Company. The sale was consummated in February, 1964, for $300,000 cash. The tax commission decided not to consider the sale as evidence of value because of the purchaser's ownership of stock

in Portland Manufacturing Company and because the purchaser, Mr. Autzen, was related to some stockholders and directors of Portland Manufacturing Company. The commission found, and correctly so, that such sales are suspect in considering whether they are arm's length transactions between willing buyers and willing sellers. However, if the evidence shows, as it does in this case, that the sale is a bona fide sale it should not be eliminated from consideration merely because the purchaser owned some stock in the parent corporation or was related to some of the other stockholders.

■ The evidence of the unsuccessful attempt to sell the mill to various companies, the competitive log market, the length of the log haul and the fact that there was no ready market for sawmills at the time, substantiates the plaintiff's claim that the sale represented market value and was an arm's length transaction.

This court finds that the plaintiff has sustained the burden of proof and that the true cash value of the subject property, including the land, as of January 1, 1966, was $260,000.