NEIL VENTURACCI and MARY VENTURACCI, husband and wife *v.* DEPARTMENT OF REVENUE

Carl Burnham, Jr., Yturri, O'Kief, Rose & Burnham, Ontario, represented plaintiffs.

James D. Manary, Assistant Attorney General, Salem, represented defendant.

Decision for defendant rendered September 15, 1975.

CARLISLE B. ROBERTS, Judge.

Plaintiffs appeal from defendant's Order No. VL 74-607, dated December 31, 1974, in which the defendant imposed a higher assessment on two of four

assessor accounts covering certain properties owned by plaintiffs. Plaintiffs asserted that the defendant was without jurisdiction to enter the order appealed from because the county assessor failed to bring an appeal within 30 days, and could not lawfully have appealed as to one parcel because the value of the property was not in excess of $50,000, as required by ORS 306.515. Defendant answered that the decision was made pursuant to a hearing under defendant's general supervisory powers as granted in ORS 305.090 and 306.111.

The principal facts in this case have been stipulated by the parties. Plaintiffs own real property in Malheur County, Oregon, and successfully pursued an appeal with the Malheur County Board of Equalization regarding the amount of their 1974 assessments. The Malheur County Assessor did not elect to file a petition for review of the board of equalization's order as he could have done under ORS 306.515. However, the county assessor reported to the Department of Revenue that the Malheur County Board of Equalization had entered several "illegal orders" reducing assessed values for 1974, including the values of the subject properties. Thereupon, the defendant, through its Appeals Division, sent notices dated October 18, 1974, by certified mail to the assessor, the board of equalization and the taxpayer, setting a hearing on the valuation of the property in question, to be held at the Malheur County Courthouse on November 7, 1974. At the hearing, the plaintiffs appeared through counsel and did not contest the issue of value but protested defendant's jurisdiction to hold such hearing.

This case is directly in point and decided for defendants by *Balderee v. Commission,* 2 OTR 142 (1965). In that case, the court held that the supervisory powers established by ORS 305.090 and 306.111 of the commission (now the Department of Revenue)

may be exercised upon the request of a county assessor. The fact that the county assessor had an alternative procedure available to him was held to be of no legal consequence. The court's decision was based on the broad language used in the statutes (2 OTR, at 145-146):

> "Under ORS 305.090 and particularly ORS 306.-111, the tax commission is given broad supervisory powers to do any act necessary to insure that property is assessed according to law and to insure that it is equalized between taxpayers. If the taxpayer is not satisfied with the valuation placed on the property by the State Tax Commission in exercising its supervisory power, he has the right to appeal to this court by virtue of ORS 306.547. In either case, the ultimate issue—the true cash value of the property—is determined by a *de novo* trial in the Tax Court. ORS 305.425."

The plaintiffs argue that the instant case is distinguishable from *Balderee*. They base their position on the fact that the record of this case does not indicate that the defendant was attempting to exercise its supervisory power when it held its hearing on the request of the Malheur County Assessor. However, the defendant's notice of hearing, Exhibit C, dated October 18, 1974, which was incorporated into plaintiffs' complaint, specifically states that the jurisdiction for the hearing was based on "the general supervisory authority vested in the Department by ORS 305.090 and 306.111, * * *." In defendant's Order No. VL 74-607, which gives this court jurisdiction to hear the plaintiffs, defendant again states it is acting under ORS 305.090 and 306.111.[1]

---

[1] The court was not briefed on the necessity, if any, of any requirement being placed on the administrative agency to allege its jurisdictional power in a given case, and does not seek to answer the question herein. Under the facts stated, it is not necessary to the court's decision.

■ Plaintiffs also argue that there are no facts showing that the Malheur County Assessor's request was based on the department's general supervisory power. This assertion is not determinative. The defendant's power may be exercised with or without a request from a county assessor or any other person. It has a continuing duty to supervise, subject to the limitation in time in a specific instance required by ORS 311.205. A hearing was properly provided but even this can be foregone if the necessities of time require. *Portland Canning Co. v. Commission,* 1 OTR 600 (1964), *aff'd,* 241 Or 109, 404 P2d 236 (1965).

■ Plaintiff has consistently used the word "appeal" when referring to the assessor's request to the defendant to hold a hearing and change the assessment of the subject property. This use of "appeal" is incorrect in that at most the assessor's act was a mere request to the defendant to exercise its powers, calling the defendant's attention to alleged inaccuracies in the 1974-1975 assessment rolls. Any individual could have done the same. The defendant's duties to act on any information are reiterated in and made necessary by ORS 305.090, 305.110, 305.120, 305.170, 306.111, 306.120, 306.220, 308.061 and other sections of the code.

Finally, plaintiffs contend that the defendant did not make an independent investigation in exercising its supervisory power. There is some question in the court's mind as to the accuracy of this conclusion. However, the failure to make a proper investigation could have been appealed to this court if it resulted in an overassessment. Plaintiffs have precluded such an appeal on their behalf by not appearing on the issue of value at the hearing held by the defendant.

The order of the defendant is affirmed.

Defendant is awarded statutory costs and disbursements.