IN THE OREGON TAX COURT


Ralph J. SCHOEGJE
*v.*
DEPARTMENT OF REVENUE
(TC 2938)

Plaintiff appeared *pro se.*

Ted Barbera, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered October 18, 1990.

**CARL N. BYERS, Judge.**

Plaintiff appealed the January 1, 1989, value of video tapes used in his video rental business. Most of the facts presented at trial related to operation of the business.

The value of an individual video tape is a function of cost and popularity. A popular new release may cost anywhere from $45 to $75 per tape. The video store owner may buy more than one copy to meet rental demand. However, other tapes marketed as "sell through" tapes cost $16 to $20 yet will have the same $4 rental charge as the more expensive tapes.

Popularity is the prime determinant of value and it changes rapidly. For most tapes the significant rental period lasts only 4-6 weeks after release. Tapes may be retained after that period but the rent drops to $1 or $2. As a tape diminishes in popularity, the owner must determine whether to keep or sell the tape. Extra copies of tapes may be sold as the initial wave of demand begins to wane. Some tapes are kept to have a

"library" that will attract customers. The type of tapes, *i.e.* classics, adventures, musicals, etc., and how many of each are kept depends upon the facilities. Plaintiff has limited facilities and retains a stock of 1,800 tapes. As new ones are released, he purges older tapes.

Plaintiff purges his old tapes by selling them. He takes off certain markings, packages them and puts them up for sale. Although tapes sold while still popular may bring as much as $30 or $35 each, most used video tapes sell in the range of $8 to $15.

It is appropriate to comment on the problem of record keeping. Before the use of computers, video rental stores struggled to account for their rentals and inventory. Assessors were often reduced to using "best guess" depreciation schedules. Plaintiff testified that as a result of a meeting held in 1982, defendant adopted a statewide schedule of 50 percent of cost new. However, computerized records and constant changes in the industry have established that true cash value is less than 50 percent of cost.[1]

The dispute in this case is not so much over the data but its use. Plaintiff compared the total sales of his used video tapes to the total cost new of those same tapes. The sales averaged 21 percent of cost. Applying that percentage to the 1,800 titles in his inventory, plaintiff arrived at an average value of $9.20 per tape.

Defendant used plaintiff's same data to determine an average selling price per tape. Defendant's analysis shows that plaintiff's average sale price in 1988 was $14.98 per tape. The average selling price of tapes diminished in 1989. Defendant's appraiser reasoned that, since sale prices are for tapes the owner is disposing of, the value of the tapes kept must be greater. This is particularly true for newer tapes. Accordingly, for January 1, 1989, defendant's opinion was that the average value per tape was $15. This represents, on average, 30 percent of the cost new.

---

[1] Plaintiff is to be commended in furnishing defendant with information and cooperating to obtain accurate data for valuation purposes. Plaintiff testified that as a result of the more accurate data, defendant has reduced the appraisal guidelines to 25 percent of cost for 1990.

■■ After reviewing the evidence, the court is persuaded that defendant's value is the most accurate. The sale price of a tape is the best evidence of its market value. Plaintiff's approach measures average depreciation from cost. Depreciated cost is only a substitute measure of market value. Where a market exists for property, the actual sale price is to be preferred over the cost approach. *Portland Canning Co. v. Tax Com.*, 241 Or 109, 404 P2d 236 (1965). The court, therefore, finds that the department's Opinion and Order No. 89-2249 should be sustained. Judgment will be entered accordingly. Costs to neither party.